**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JEREMY KENNEDY                                                                        PETITIONER
ADC #093061

v.                                              5:18cv00323-JM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Petitioner Jeremy Kennedy, an inmate at the Ouachita River Unit[1] of the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.  (Doc. No. 2.)  Mr. Kennedy was paroled from the ADC on July 12, 2017.  (Doc. No. 8-2 at 5.)  On June 19, 2018, he was arrested on new felony charges.  (*Id.*)  He ultimately pleaded guilty to theft of property, theft by receiving, possession of a controlled substance, and possession of drug paraphernalia.  (*Id.* at 12-14.)  He was sentenced in White County Circuit Court on October 3, 2018, to concurrent terms of imprisonment, the longest of which was three years.  (*Id.*)  Mr. Kennedy was transported to the ADC on October 31, 2018.  (Doc. No. 8-3 at 3.)  On that same day, his parole officer requested "Administrative Revocation" of his parole

---

[1] I note Mr. Kennedy is incarcerated within the Western District of Arkansas.  "[T]he traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'"  *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)).  However, a person in the custody of a state with two or more federal judicial districts may file "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him."  28 U.S.C. § 2241(d).  In that situation, both districts have concurrent jurisdiction.  *Id.*  Mr. Kennedy's Petition concerns the revocation of his parole on convictions out of White, Jackson, and Cleburne Counties, all of which are situated in the Eastern District of Arkansas.  (Doc. No. 8-2 at 5.)

"due to Kennedy receiving new sentence." (Doc. No. 8-2 at 19.) The Arkansas Parole Board Chairman signed off on this request. (*Id.*) Mr. Kennedy immediately appealed to the Parole Board, requesting that it "reduce the length of the administrative revocation" such that it would not delay his transfer-eligibility date. (*Id.* at 16-17.) The Parole Board affirmed on November 8, 2018. (*Id.* at 18.)

Mr. Kennedy filed the instant Petition for Writ of Habeas Corpus on December 31, 2018. (Doc. No. 2.) He contends the administrative revocation of his parole failed to comply with the minimum due process requirements, including notice and an opportunity for a hearing, set out in *Morrissey v. Brewer*, 408 U.S. 471 (1972). (Doc. No. 2 at 2-3.) Mr. Kennedy acknowledges Arkansas law provides for revocation without a hearing when the revocation is based on a parolee's new felony conviction and sentence. *See* Ark. Code Ann. § 16-93-705(f). However, he argues this provision is unconstitutional under *Morrissey*. (Doc. No. 2 at 3.)

Respondent contends Mr. Kennedy's claim is moot, procedurally defaulted, and meritless. (Doc. No. 8 at 4-10.) After careful consideration of the Petition, Response, Reply (Doc. No. 9), and Supplemental Reply (Doc. No. 10), I recommend the Petition be dismissed with prejudice.

## II.     ANALYSIS

### A.     Mootness

Respondent's initial argument is that Mr. Kennedy's Petition is moot because he became transfer eligible in February 2019 and was scheduled for a transfer hearing on March 26, 2019. (Doc. No. 8 at 4.) Respondent contends there is thus no longer a case or controversy under Article III, § 2 and Mr. Kennedy cannot demonstrate any continuing "collateral consequences" of the parole revocation. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). (Doc. No. 8 at 4-5.) Because the record is somewhat unclear with respect to the duration of Mr. Kennedy's parole revocation

and his current status, on this record, I find dismissal should not be granted based on mootness.

     **B.    Procedural Default**

     Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849.

     A state inmate procedurally defaults a claim by violating a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court. *Id*. When a state inmate fails to comply with the fair-presentment requirement, his or her claim will be procedurally defaulted. *Id*. If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is]

failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Respondent argues Mr. Kennedy has procedurally defaulted his claim because he neither fairly presented it nor exhausted it in state courts. (Doc. No. 8 at 7.) As Respondent points out, Mr. Kennedy's appeal to the Parole Board did not mention the due process protections on which his habeas claim is based. Instead, he purported to appeal "the length of [his] revocation," asking that it be reduced such that it would not affect his transfer-eligibility date. (Doc. No. 8-2 at 16-17.) He also argued he should not have to serve a subsequent revocation based on his new convictions after having served one based on his arrest for the same felonies. (*Id.*) Mr. Kennedy did not contest the lack of notice or hearing and made no mention of his due process rights. (*Id.*) Therefore, he failed to comply with the fair-presentment requirement. *See Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir. 1995) ("a claim has not been fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas petition have been properly raised in the prisoner's state court proceedings").

Moreover, after the Parole Board affirmed the revocation, Mr. Kennedy failed to seek judicial review of that decision in circuit court. Federal courts have ruled that parole revocation

decisions by the Arkansas Parole Board are administrative decisions governed by the Arkansas Administrative Procedure Act ("APA"), codified at Arkansas Code Annotated §§ 25-15-201 *et seq.*  *See, e.g., Reed v. Kelley*, Case No. 5:17CV00257-KGB-JTK, 2018 WL 6816157, at 3 (E.D. Ark. 2018) (citing *Hickman v. Ark. Bd. of Pardons & Paroles*, 361 F. Supp. 864, 868-69 (E.D. Ark. 1973)); *Wilmoth v. Kelley*, Case No. 5:16CV05330-TLB-MEF, 2017 WL 4215956, at 3 (W.D. Ark. 2017).   In addition, the Arkansas Supreme Court has held that "an inmate who asserts a credible constitutional claim is entitled to review under the [APA]."   *Ruiz v. Felts*, 2017 Ark. 85, at 3, 512 S.W.3d 626, 628-29 (per curiam).   Before seeking federal habeas relief, Mr. Kennedy was required to appeal the decision of the Parole Board by filing a petition in an appropriate Arkansas circuit court within thirty days after service upon him of the Parole Board's final decision.   Ark. Code Ann. § 25-15-212(b)(1).   This he failed to do.   Accordingly, Mr. Kennedy failed to exhaust his due process claim, and it is procedurally defaulted.

Mr. Kennedy suggests his default is excused because he could not afford to pay the filing fee required to seek judicial review under the APA.   (Doc. No. 9 at 2-3.)   He claims he could not proceed *in forma pauperis* in circuit court because he is a "three-striker" under the Prison Litigation Reform Act ("PLRA"), which he contends applies in state court under Arkansas Rule of Civil Procedure 72.   (*Id.*)   Rule 72 does not mention strikes or the PLRA, a federal law that, among other things, precludes a prisoner from proceeding *in forma pauperis* if he or she has had three or more cases dismissed as frivolous or malicious or for failure to state a claim.   28 U.S.C. § 1915(g).   The three-strikes provision bars a prisoner from bringing "a civil action or appeal[ing] a judgment in a civil action or proceeding *under this section*" – i.e., under the section of the United States Code dealing with proceedings *in forma pauperis*.   *Id.* (emphasis added).   It is not applicable in Arkansas state court and would not have barred Mr. Kennedy's *in forma pauperis*

petition for judicial review under the APA.

Mr. Kennedy also argues he was ineligible to seek review of the Parole Board's decision under the APA due to his status as an inmate.  (Doc. No. 10 at 4.)  He cites Arkansas Code Annotated § 25-15-212(a), which states any person "except an inmate under sentence to the custody of the Department of Correction" is entitled to judicial review under the APA.  (*Id.*)  However, this provision was held unconstitutional in 1991.  *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991); *see also Smith v. Hobbs*, 2014 Ark. 270, at 4 (per curiam) (noting the APA is unconstitutional "to the extent that it deprive[s] inmates of review of constitutional questions").  This issue is now well settled under Arkansas law:

> The administration of prisons has generally been held to be beyond the province of the courts.  *Clinton v. Bonds*, 306 Ark. 554, 557–58, 816 S.W.2d 169, 171–72 (1991).  However, an exception to the courts' reticence to entertain a prisoner's administrative complaints occurs when the petitioner asserts an infringement on constitutional rights.  *Id.*  Thus, an inmate who asserts a credible constitutional claim is entitled to review under the Administrative Procedures Act, codified at Arkansas Code Annotated sections 25–15–212 to –219 (Repl. 2014).

*Ruiz*, 2017 Ark. 85, at 3, 512 S.W.3d at 628-29.  Mr. Kennedy's due process claim would not have been barred under section 25-15-212(a).[2]

Finally, Mr. Kennedy states his federal habeas claim was not cognizable in a state habeas action.  (Doc. No. 10 at 3-4.)  *See Davis v. Kelley*, 2019 Ark. 1, at 3, 564 S.W.3d 512, 514 ("A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a

---

[2] As previously noted by judges in this district, "[t]he Arkansas legislature's decades-long delay in removing the unconstitutional text from the statute is unfortunate."  *Johnson v. Kelley*, Case No. 5:14CV00176-DPM-JTR, 2015 WL 1167184, at 4 (E.D. Ark. 2015); *see also Richmond v. Duke*, 909 F. Supp. 626, 628 (E.D. Ark. 1995); *Shaw v. Kelley*, Case No. 5:14CV00192-BSM-JTR, 2015 WL 4775828, at 4 (E.D. Ark. 2015).  Even so, this delay cannot constitute cause to excuse Mr. Kennedy's procedural default, as he is charged with knowing the law despite his *pro se* status.  *Johnson*, 2015 WL 1167184, at 4 (citing *Weeks v. Bowersox*, 106 F.3d 248, 250 (8th Cir. 1997) ("A prisoner's illiteracy and *pro se* status are not cause.")).

circuit court lacks jurisdiction over the cause.").   While that may be true, Mr. Kennedy's remedy was a petition for judicial review under the APA.   His failure to pursue that remedy deprived the state courts of the opportunity to address his claim and results in the default of the claim.

Mr. Kennedy has failed to demonstrate cause sufficient to excuse his procedural default. *See Coleman*, 501 U.S. at 753 (cause must be "something *external* to the petitioner, something that cannot fairly be attributed to him") (emphasis in original).   His Petition should be dismissed on this basis.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted."   *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, Mr. Kennedy's claim is clearly procedurally defaulted for the reasons stated herein.   Accordingly, no certificate of appealability should be issued.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Kennedy's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice.

2.      A certificate of appealability not be issued.

SO ORDERED this 20th day of May 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE